STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-136
TDW - CUM-7/14/2011

JAMES DEE, et al,

Plaintiffs,

v.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 14 2011

RECEIVED

ORDER

CLAIRE O'SHEA, et al

Defendants.

For the reasons stated on the record today, the court rules as follows on the pending summary judgment motions:

1.    With respect to plaintiffs' motion for summary judgment on count VII as against defendant Long Beach LLC, summary judgment is granted to plaintiffs declaring that Lots 56 and 57 do not extend to the water's edge of Sebago Lake but are limited to the easterly lot lines shown on the December 10, 1900 Sebago Lake Beach Block A Plan (the "Thompson Plan") annexed as Exhibit A to the December 20, 2010 affidavit of Gail Ouellette. Where those lot lines exist on the face of the earth remains to be determined.

2.    With respect to plaintiffs' motion for summary judgment on count VII as against defendant Claire O'Shea, summary judgment is granted to plaintiffs declaring that Lots 58 and 59 do not extend to the water's edge of Sebago Lake but extend only to the edge of the "shore" as set forth in an October 30, 1925 deed annexed as Exhibit BB to the December 20, 2010 affidavit of Gail Ouellette. Where that boundary line exists on the face of the earth remains to be determined.

3. In view of the court's ruling in paragraph 1, Long Beach's motion for summary judgment on count V (plaintiffs' claim to an easement by prescription with respect to the beach area in front of Lots 56 and 57) and count VI (plaintiffs' claim to an easement by dedication[1] with respect to the beach area in front of Lots 56 and 57) is moot and need not be reached.

4. In the alternative, given that the location of the easterly lot lines of Lots 56 and 57 on the face of the earth has not been determined and there is a hypothetical possibility that some portion of the area on which plaintiffs seek an easement under counts V and VI lies within Lots 56 and 57 as shown on the Thompson Plan, the court would deny Long Beach's motion for summary judgment on count V but would grant Long Beach's motion for summary judgment as to count VI.

5. Long Beach's motion for summary judgment as to count III (plaintiffs' claim to a prescriptive easement over Lot 57) is denied.

6. In view of the court's ruling in paragraph 2, O'Shea's motion for summary judgment on count VI (plaintiffs' claim to an easement with respect to the beach area in front of Lots 58 and 59) is moot unless the "shore" boundary of Lots 58 and 59, as determined on the face of the earth, includes some portion of the area on which plaintiffs seek an easement under count VI. In that event the court would grant O'Shea's motion for summary judgment on Count VI.

7. The court denies O'Shea's motion for partial summary judgment on Counts I and IV on the issue of whether the 10-foot right of way for "passengers and

---

[1] Although denominated in the complaint as a claim for an easement by dedication, the summary judgment record and the arguments of the parties demonstrate that count VI is actually based on the theory that plaintiffs have an easement by implication to use the area denominated as "Beach" on the Thompson Plan because that area was designated for common use under the plan. See Callahan v. Ganneston Park Development Corp., 245 A.2d 274, 278 (Me. 1968); Arnold v. Boulay, 147 Me. 116, 120-22, 83 A.2d 574, 576-77 (1951).

vehicles" referred to in Exhibit BB to the December 20, 2010 affidavit of Gail Ouellette is limited to passengers in vehicles. Pursuant to the last sentence of Rule 56(c), the court grants summary judgment to plaintiffs on that issue and determines that "passengers" as used in Exhibit B refers to travelers and wayfarers and would apply to pedestrian as well as vehicular use.

The entry shall be:

Plaintiffs' motion for summary judgment on count VII is granted against both defendants as set forth above. The cross-motion by defendant Long Beach LLC on count VII is denied.

The motion by defendant Long Beach LLC for summary judgment on counts V and VI of the complaint is denied as moot subject to the contingency set forth in paragraph 4 above.

The motion by defendant Long Beach LLC for summary judgment on count III of the complaint is denied.

The motion by defendant O'Shea for summary judgment on Count VI of the complaint may be moot in light of the ruling for plaintiffs on Count VII but is granted to the extent that the "shore" boundary of Lots 58 and 59, as determined on the face of the earth, includes any portion of the area on which plaintiffs seek an easement under count VI.

The motion by defendant O'Shea for partial summary judgment on counts I and IV with respect to the interpretation of the term "passengers and vehicles" in Exhibit BB is denied and summary judgment is granted to plaintiffs declaring that the right of way for "passengers and vehicles" includes pedestrian traffic.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __13__, 2011

_____
Thomas D. Warren
Justice, Superior Court

3